UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARIO HOWARD LLOYD,            )
                               )
        Petitioner,            )
                               )
   v.                          )    Case No. 06-1200
                               )
RICK VEACH, Warden,            )
                               )
        Respondent.            )

## O R D E R

This matter is now before the Court on Petitioner, Mario Lloyd's ("Lloyd"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and the Government's Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss [#5] is GRANTED, and Paredes' Petition [#1] is DISMISSED.

**Background**

Following a lengthy jury trial, Lloyd was found guilty of one count of conspiracy to distribute cocaine, six counts of distributing cocaine, one count of engaging in a continuing criminal enterprise, one count of conspiracy to defraud the United States, two counts of conducting monetary transactions with drug money, two counts of money laundering, and two counts of structuring monetary transactions to avoid currency reporting requirements in the United States District Court for the Northern District of Illinois. On November 21, 1990, he was sentenced to 15 terms of life imprisonment. Lloyd is currently serving his sentence at the Federal Correctional Institution in Pekin, Illinois.

Lloyd appealed to the Seventh Circuit, and his convictions and sentence were affirmed on May 31, 1994.  His Petition for Writ of Certiorari to the United States Supreme Court was denied on October 17, 1994.

Lloyd then filed a Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33.  This Motion was denied on August 28, 1996, and the denial was affirmed on apeal.

Lloyd next filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in which he collaterally attacked his conviction on multiple grounds. The petition was granted in part and denied in part, resulting in the dismissal of 10 of his life sentences, and he was resentenced to the five remaining life sentences.

In 2003, Lloyd pursued a reduction of sentence under 18 U.S.C. § 3582(c), which was denied by the district court.  On Appeal, the Seventh Circuit deemed the motion to be a successive motion under § 2255.

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls.

United States v. Lloyd, 398 F.3d 978, 979-80 (7th Cir. 2005), *citing* Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).  The decision of the district court was vacated, and the matter was remanded with instructions to dismiss for lack of subject matter jurisdiction as a successive collateral attack brought without permission from the Court of Appeals.

Lloyd has now filed a petition pursuant to § 2241 with respect to his 1990 federal conviction and sentence. In this petition, he raises essentially three issues: (1) he was placed in double jeopardy because the government used evidence from a state criminal case that was under review; (2) the United States lacked subject-matter jurisdiction to prosecute his federal criminal case because the Government used evidence from a state criminal case as a predicate act; and (3) the United States defrauded the federal grand jury by presenting the evidence of the state criminal case. The Government has moved to dismiss for lack of subject matter jurisdiction, and this Order follows.

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, Lloyd does not challenge the circumstances of his confinement. Rather, he attacks the validity of his convictions and sentences and asks this Court to vacate his sentence. Accordingly, this Petition involves a collateral attack on Lloyd's 1990 federal sentence, which would traditionally be brought pursuant to 28 U.S.C. § 2255.

However, Lloyd has previously pursued § 2255 relief and is now barred from pursuing further relief under that section unless first obtains permission from the Court of Appeals to bring a second or successive motion or qualifies as one of the few instances in

which petitioners may seek collateral relief under § 2241.  Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998).

In Davenport, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated.  Id. at 611-12.

First, the Court notes that Lloyd has provided no explanation of why he did not have the opportunity to raise these claims in his § 2255 petition, particularly as he actually raised a double jeopardy claim in that motion and admits in his Motion that his appellate counsel knew at the time of his appeal that his state case was still pending at the time that the evidence was used in federal court. (Petitioner's Brief at 8)  In addition to this failure, Lloyd clearly fails the first prong of In re Davenport, as he does not identify any change in the law, much less a retroactive change in the law as the basis for his claims.

Thus, it would appear that § 2255 was neither inadequate nor ineffective to test the validity or legitimacy of Lloyd's convictions and sentences.  Accordingly, Lloyd's § 2241 petition constitutes an improper attempt to avoid the procedural limitations and requirements attendant to motions brought under § 2255 and is not the type of situation that the Seventh Circuit contemplated in establishing the narrow avenue for certain

collateral claims to be reviewed under § 2241.  Having failed to meet the prerequisites established in Davenport, he is not entitled to proceed under § 2241, and his petition must be dismissed without prejudice.

## CONCLUSION

For the reasons stated herein, the Government's Motion to Dismiss [#5] is GRANTED, and Lloyd's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.  This matter is now terminated.

ENTERED this 12th day of September, 2006.


                s/ Michael M. Mihm
                Michael M. Mihm
                United States District Judge